# UNITED STATES BANKRUPTCY COURT
# FOR THE
# WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| PHILLIP LEE BISHOP | ) | |
| SHELLY VICTORIA BISHOP | ) | CASE NO. 07-10710 |
| | ) | |
| Debtor(s) | ) | |
| | ) | |
| | ) | |
| PHILLIP LEE BISHOP | ) | AP NO. 07-1042 |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GENERAL MOTORS CORP. | ) | |
| | ) | |
| Defendant(s) | ) | |
| | ) | |

## MEMORANDUM-OPINION

This matter is before the Court on the Motion to Set Aside Default Judgment of Defendant General Motors Corporation ("GMC") and the Motion for Leave to File Answer filed by GMC and the Objection to Motion to Set Aside Default Judgment of Plaintiff/Debtor Phillip Lee Bishop ("Debtor"). The Court considered the written submissions of the parties and the arguments of counsel at the hearing held on the matters. For the following reasons, the Court **DENIES** GMC's Motion to Set Aside Default Judgment and Motion for Leave to File Answer.

## PROCEDURAL BACKGROUND

On or about June 22, 2007, Debtor filed his Voluntary Petition seeking relief under Chapter 7 of the United States Bankruptcy Code.

On or about November 29, 2007, Debtor instituted this adversary proceeding with the filing of a Complaint against GMC asserting that GMC wrongfully reduced Debtor's pension in violation of 11 U.S.C. §§ 362, 524 and 727.

On November 30, 2007, Summons was issued on GMC.

On January 17, 2008, the Summons, indicating service of process by regular first class mail on GMC's registered agent for service of process, CT Corporation System on December 3, 2007, was filed with the Court.

On March 12, 2008, Debtor filed his Motion for Default Judgment. Default Judgment was entered by the Court on March 13, 2008.

On March 31, 2008, GMC filed its Motion to Set Aside Default Judgment and Motion for Leave to File Answer.

On April 11, 2008, Debtor filed his Objection to Motion to Set Aside Default Judgment.

A hearing was held on May 21, 2008 after which the Court took the matters under submission.

## LEGAL ANALYSIS

GMC seeks to have the Default Judgment entered against it on March 13, 2008 set aside pursuant to Rule 7055(2)(c) of the Bankruptcy Rules of Procedure. The Rule states that for good cause, the court may set aside a judgment by default in accordance with Fed. R. Civ. P. 60(b). See, Fed. R. Bankr. P. 7055, making applicable Fed. R. Civ. P. 55(c) in adversary proceedings. GMC

contends good cause exists because, although service of process was mailed to its registered agent on December 3, 2007 and forwarded to GMC on December 18, 2007, the file was misplaced and no answer was filed.

Rule 60(b) of the Federal Rules of Civil Procedure made applicable to bankruptcy cases by Fed. R. Bankr. P. 9024, permits a court to relieve a party from final judgment in cases of mistake, inadvertence, surprise, or excusable neglect. The facts and circumstances set forth by GMC do not equate to mistake, inadvertence or surprise. The Court must determine whether GMC's misplacement of the file constitutes excusable neglect. The Court concludes that it does not.

The Sixth Circuit has decreed that Rule 60(b)(1) should be applied equitably and liberally to achieve substantial justice. United Coin Meter v. Seaboard Coastline R.R., 705 F.2d 839, 844-45 (6th Cir. 1983). When making a determination as to whether relief from judgment is appropriate, the court should consider the following three factors: (1) whether the party seeking relief is culpable; (2) whether the party opposing relief will be prejudiced and (3) whether the party seeking relief has a meritorious claim or defense. Id.; Williams v. Meyer, 346 F.3d 607, 613 (6th Cir. 2003). First and foremost, the party seeking to set aside the default judgment must establish that the default did not result from culpable conduct. Only if this is established, must the court consider the other two factors. Weiss v. St. Paul Fire and Marine Ins. Co., 283 F.3d 790, 794 (6th Cir. 2002). A party's conduct is culpable if it shows an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on the proceedings. Williams, 346 F.3d at 613.

Whether neglect is excusable is an equitable determination, "taking account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay,

including whether it was within the reasonable control of the movant and whether the movant acted in good faith." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 395 (1993).

The record in this case demonstrates that service of process was effectively achieved by service upon GMC's registered agent for service of process. GMC acknowledges that its registered agent forwarded the process to it and that it received it. Once received, the file was misplaced. The error occurred once the process was in GMC's custody and control. Nothing in these facts explains how GMC's conduct does not constitute reckless disregard for the judicial process. See, e.g., In re Patterson, 330 B.R. 631, 639 (Bankr. E.D. Tenn. 2005); In re Mindel-Stansberry, ___ B.R. ____, 2006 W.L. 3876500 (Bankr. E.D. Ky. 2006) and In re Bradbury, 310 B.R. 313 (Bankr. N.D. Ohio 2003), all cases where negligence followed effective service of process failing to constitute excusable neglect.

GMC contends that it acted within a reasonable time period to set aside the default judgment after it first learned that a default judgment had been entered against it. GMC's agent received the Motion for Default Judgment and the Default Judgment approximately ten days after the Judgment was entered. It appears from the record that CT Corporation followed the same procedure in forwarding the Default Judgment as it did the initial Summons and Complaint. The Court notes that no explanation was provided as to why GMC acted more promptly and prudently upon receipt of the Default Judgment than with the receipt of the Summons and Complaint. In any event, Debtor was not required to even serve GMC with the Motion for Default as Rule 55 of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7055 of the Federal Rules of Bankruptcy Procedure requires only that a party entitled to a Default Judgment apply to the Court.

A party is only entitled to notice if it has appeared in the action.  See, Fed. R. Civ. P. 55(d)(2); In re Patterson, 330 B.R. 631, 635 n.3 (Bankr. E.D. Tenn. 2005).

GMC contends that Debtor will suffer no prejudice if the Default Judgment is set aside and that it has a meritorious defense.  The Court need not consider these issues because GMC did not meet its initial burden of establishing excusable neglect.  Weiss v. St. Paul Fire and Marine Ins. Co., 283 F.3d 790, 794 (6th Cir. 2002); Waifersong, Ltd., Inc. v. Classic Music Vending, 976 F.2d 290, 292 (6th Cir. 1992).  The Court acknowledges its preference for deciding matters on the merits, but believes equally in the "important policy in favor of preserving the finality of judgments, even if they are rendered by default."  In re Bradbury, 310 B.R. at 320.  This Court agrees that ". . . there has to come a point where procedure prevails, otherwise rules of procedure would not actually be rules, but instead would merely become guidelines or suggestions."  Id.  Debtor followed all of the rules of proper service and GMC failed to established sufficient reasons for setting aside the Default Judgment.

## CONCLUSION

For all of the above reasons, the Motion to Set Aside Default Judgment and Motion for Leave to File Answer of General Motors Corporation are **DENIED**.  An Order accompanies this Memorandum-Opinion.

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| PHILLIP LEE BISHOP | ) | |
| SHELLY VICTORIA BISHOP | ) | CASE NO. 07-10710 |
| | ) | |
| Debtor(s) | ) | |
| | ) | |
| PHILLIP LEE BISHOP | ) | AP NO. 07-1042 |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GENERAL MOTORS CORP. | ) | |
| | ) | |
| Defendant(s) | ) | |

**ORDER**

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion to Set Aside Default Judgment of Defendant General Motors Corporation, be and hereby is, **DENIED**.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Motion for Leave to File Answer of Defendant General Motors Corporation, be and hereby is, **DENIED**.

This is a final and appealable Order. There is no just reason for delay.